IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK C. JOHNSON, JR.,
a/k/a FRANK JOHNSON, JR.,
and RUTH B. JOHNSON,

     Plaintiffs,

v.                                       CASE NO. 1:10-cv-00249-SPM-GRJ

THE BANK OF NEW YORK
MELLON TRUST COMPANY, N.A.,
CHRISTIAN W. HANCOCK, individually
d/b/a in the state of Florida as BRADLEY
ARANT BOULT CUMMINGS LLP,
HONORABLE JON S. WHEELER
INDIVIDUALLY, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT
FOR THE FLORIDA FIRST DISTRICT
COURT OF APPEAL AND IN HIS
ENFORCEMENT CAPACITY,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' *pro se* Complaint (Doc. 1) and

Plaintiffs' Motion to Proceed *In Forma Pauperis* (Doc. 2.)  The Court has reviewed the

Complaint and for the reasons discussed below, the Court concludes that Plaintiffs'

Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Motion to

Proceed *In Forma Pauperis* (Doc. 2) should be **GRANTED** for the limited purpose of

determining the sufficiency of Plaintiffs' complaint.

## I.  BACKGROUND AND FACTS

Plaintiffs have sued: The Bank of New York Mellon Trust Company, N.A.,

Christian W. Hancock, an attorney with the law firm of Bradley Arant Boult Cummings

LLP, and the Honorable Jon J. Wheeler, individually, and in his official capacity as Clerk of the Court for the First District Court of Appeal of Florida. Plaintiffs purport to bring claims for violation of Plaintiffs' civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Fourteenth Amendment to the U.S. Constitution, and Section 21 of the Florida Constitution. Plaintiffs also purport to allege five state law claims against the Defendants: breach of the duty of good faith and fair dealing, fraud, negligent misrepresentation, negligence, and a prayer for injunctive relief against the enforcement of certain orders entered in Florida state courts.

While it is difficult to discern the basis of Plaintiffs' claims, all of the claims revolve around a host of cases filed by Plaintiff in state court. As best as can be deciphered from the Complaint the state cases identified by Plaintiffs include: (1) an April 30, 2004 case filed in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida, case no. 01-2004-CA-1639, assigned to the Honorable Toby S. Monaco; (2) a case filed in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida, case no. 01-2005-CA-4329, assigned to the Honorable Stan R. Morris; (3) two cases identified as case nos. 01-2005-CA-1825 and 01-2005-CA-4307, also filed in the Eighth Judicial Circuit; (4) two cases identified as case nos. 01-2008-CA-3459 and 01-2008-CA-XX-3921, assigned to the Honorable Robert E. Roundtree; and (5) five cases appealed to the First District Court of Appeal, identified as case nos. 1D05-5392, 1D05-5390, 1D05-5393, 1D05-5394, 1D05-5395 (the First DCA Appeals.") Most of these cases have been concluded, while a few apparently remain pending. Christian Hancock was the opposing lawyer in at least one of the state cases and represented The Bank of New York Mellon Trust Company. Jon Wheeler is

the Clerk of the Court for the First District Court of Appeal and is sued individually and in his official capacity as Clerk of the Court. The gravamen of Plaintiffs' claims relate to Plaintiffs' disagreement with the rulings by the state judges in the state cases, how the cases were administered by Jon Wheeler on the various appeals and the conduct of Christian Hancock in at least one of the state cases and in previous lawsuits filed in this Court. Plaintiffs request compensatory and punitive damages and injunctive relief.

## II. **DISCUSSION**

Because Plaintiffs are requesting to proceed *in forma pauperis* the Court is required to screen Plaintiffs' Complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such 28 U.S.C. § 1915(e)(2)(B). The screening process under 28 U.S.C. § 1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., No. 2:09cv570-FTM-SPC, 2009 WL 3157642, at *1 (M.D. Fla. Sept. 25, 2009)(citing Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002))(dismissals under 28 U.S.C. § 1915 apply to non-prisoners, even if fee assessment provisions do not). "In order to authorize a litigant to proceed *in forma pauperis,* the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).

A plaintiff need not show that he is "absolutely destitute" to qualify for indigent status under section 1915.  Id. at 1307.  Instead, courts should consider the plaintiff's financial situation, including fiscal debts, obligations, dependants, income, and assets in determining whether to grant or deny an application to proceed *in forma pauperis*.  Id. In the instant case, the Court finds that the Plaintiffs qualify for indigent status under §1915 and, accordingly, Plaintiffs should be permitted to proceed *in forma pauperis* to the limited extent of screening the sufficiency of Plaintiffs' complaint.

In addition to establishing plaintiff's poverty, however, the district court must also conduct a frivolity screening pursuant to section 1915.  Kelley v. Ga. Dep't of Corrections., 145 Fed. Appx. 329 (11th Cir. 2005). A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989). This circuit has defined a frivolous appeal under section 1915 as being one " 'without arguable merit.'"  Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)(quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). " 'Arguable means capable of being convincingly argued.'"  Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)(quoting Menendez, 817 F.2d at 740 n.5); see also Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight).  In conducting the required screening pursuant to  §1915, the Court will consider each of Plaintiffs' six claims in turn.

### A. Breach of Duty of Good Faith and Fair Dealing

In Count One of Plaintiffs' Complaint, Plaintiffs bring a claim against Defendant Wheeler in his official capacity and against Hancock for breach of the duty of good faith and fair dealing.  This claim is due to be dismissed for two fundamental reasons. First -

and most notably – Florida law does not recognize a cause of action for a breach of the duty of good faith and fair dealing outside the context of a contractual relationship between parties.  Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1151 (11th Cir. 2005)("A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation."); Burger King Corporation v. C.R. Weaver, 169 F. 3d 1310, 1317 (11th Cir. 1999)("We hold that no independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing.").  Because Plaintiffs do not allege – and cannot allege –  the existence of a contractual relationship between themselves and either Wheeler or Hancock the Plaintiffs have no basis to bring an independent cause of action for breach of the duty of good faith and fair dealing.

Secondly, because Hancock was the attorney representing the opposing party she did not owe the Plaintiffs any legal duty which could form the basis of a cause of action.   Accordingly, for these reasons, count one of the Complaint, purporting to allege claims against Wheeler and Hancock for breach of the duty of good faith and fair dealing should be dismissed for failure to state a claim on which relief may be granted.

### B.  Fraud/Intentional Misrepresentation and Negligent Misrepresentation

In Count Two of the Complaint Plaintiffs bring a claim against Defendant Wheeler individually and in his official capacity and against Hancock for fraud intentional misrepresentation. In Count IV of the Complaint Plaintiffs attempt to bring the same claim except the claim is labeled "negligent misrepresentation."  Without providing any information as to the who, what, when or where regarding the alleged

misrepresentations Plaintiffs allege generally that Defendants Wheeler and Hancock intentionally misrepresented the names of parties to certain state court proceedings, which allegedly caused the case style for each proceeding to be inaccurate.

Under Florida law, the elements of a cause of action for fraudulent misrepresentation are "(1) a false statement concerning a specific material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the other party acting in reliance on the representation." Taylor v. Kenco Chemical & Mfg. Corp., 465 So. 2d 581, 598 (Fla. Dist. Ct. App. 1985).

In federal court when pleading a claim for fraud the claim must be plead with particularity. Rule 9(b) of the Federal Rules of Civil Procedure provides that "In pleading fraud ... a party must state with particularity the circumstances constituting fraud ..." The Eleventh Circuit has explained that a complaint for fraud must set forth:"1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and 3) the content of such statements and the manner in which they misled the plaintiff, and 4) what the defendants obtained as a consequence of the fraud." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). The purpose of the particularity requirement in Rule 9(b) "is to eliminate fraud actions in which all of the facts are learned through discovery after the complaint is filed." Friedlander v. Nims, 755 F.2d 810, 813 n. 3 (11th Cir. 1985).

Plaintiffs' claim for fraud in count II falls woefully short of satisfying Rule 9(b)'s

particularity requirement. Instead, Plaintiffs have provided little more than conclusory

allegations that "Each Defendant made false representations to the Court ..." in one of

the state court cases and in a case removed to this court and then remanded to state

court for lack of jurisdiction. (*see,* case no. 1:10-cv-221-SPM-GRJ). A defendant

responding to these allegations is left to guess as to the nature of the misrepresentation

allegedly made, the date, time, place or context within which the misrepresentation was

made and who made the misrepresentation. Simply put, the complaint is devoid of the

"who," "what," where," "when" and "why" surrounding the misrepresentations.

Furthermore, Plaintiffs fail to allege how they were damaged by the misrepresentations.

Lastly, although Plaintiffs have included a separate count IV for "negligent

misrepresentation" the claim under Florida law is essentially the same as fraudulent

misrepresentation with one minor difference.  Under Florida law a party alleging a claim

for negligent misrepresentation must establish that the party making the representation

"negligently failed to ascertain the truth or falsity of the representation" while a party

claiming fraudulent misrepresentation must show that the party who made the

misrepresentation affirmatively knew that the misrepresentation was false.  Hasenfus v.

Secord, 962 F.2d 1556, 1561 (11th Cir. 1992).  Under either theory, however, Plaintiffs

are required to allege the misrepresentations with particularity.

Accordingly, Counts II and IV of Plaintiffs' Complaint fail to allege  claims for

fraudulent misrepresentation or negligent misrepresentation because of the lack of

specificity.

### C. Negligence

In Count III of the Complaint Plaintiffs bring a claim against each defendant for

negligence.  The claim is due to dismissed because Plaintiffs have failed to allege the existence of a legal duty owed by the Defendants to Plaintiffs.  Florida law requires the existence of a legal duty on the part of the defendant towards the plaintiff. *See, e.g. .* Williams v. Davis, 974 So. 2d 1052, 1056 (Fla. 2007).

Plaintiffs have not alleged a legal duty owed to them because as a matter of law they cannot. One of the Defendants – Christian Hancock – is a lawyer who represented the bank who sued Plaintiffs. Because Ms. Hancock was opposing counsel, as a matter of law, she did not owe any legal duty to the Plaintiffs. Florida law does not recognize a legal duty owed by counsel for one side to an opposing party in a legal proceeding. Hartford Ins. Co. Of Midwest v. Koeppel, 629 F. Supp. 2d 1293,1298 (M.D. Fla. 2009)("an attorney's liability for negligence is limited to clients with whom the attorney shares privity of contract or a plaintiff who was an intended beneficiary of the attorney-client relationship").

Apparently recognizing that Plaintiffs must allege a legal duty owed to them in order to state a claim for negligence, Plaintiffs allege "[t]he Defendants each had a duty to ensure that all men and women are treated equally and have full access to the Court." While this statement expresses a maxim to which all citizens should aspire, the breach of this obligation does not constitute a breach of a legal duty sufficient to support a claim for negligence.  As discussed above, because Ms. Hancock represented the opposing party she did not owe any legal obligation to Plaintiffs. Ms. Hancock's legal obligation was exclusively owed to her client. Accordingly, Plaintiffs' claim in Count III of the Complaint for negligence against Hancock and her law firm, Bradley Arant Boult Cummings LLP,  should be dismissed for failure to state a claim

upon which relief can be granted.

With regard to Plaintiffs' negligence claim against Defendant Wheeler, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." Hyland v. Kolhage, 267 Fed. Appx. 836, 2008 WL 495927 (11th Cir. Feb. 26, 2008); *see also*, Fuller v. Truncale, 2010 WL 4290437, * 2 (Fla. Dist. Ct. App. Nov. 2, 2010)(clerk of court is immune from suit where he is engaged in carrying out a judicial act"). While it is difficult to discern from the Complaint the specific conduct of Wheeler, which the Plaintiffs contend violated a duty owed to them, Plaintiffs have attached to their complaint a series of seven letters from Wheeler to Mr. Johnson, dated September 18, 2009, September 21, 2009, October 5, 2010, October 20, 2010, November 1, 2010, November 9, 2010 and November 29, 2010, each of which advises Mr. Johnson that Wheeler was directed by the Court in a February 13, 2008 order not to submit to the Court any pro se filings from Johnson. Therefore, to the extent that Plaintiffs contend Wheeler breached a duty to them by refusing to submit filings to the Court, Wheeler is absolutely immune from suit because he was acting pursuant to a court order.

To the extent that Plaintiffs are alleging Wheeler failed to correct a case style, Plaintiffs have failed to state a claim. The general rule in Florida is that a clerk of court does not owe a duty to any particular individual in a particular case, but instead owes the public a general duty to maintain records and issue process. Glenney v. Forman, 936 So. 2d 660, 662 (Fla. Dist. Ct. App. 2006); Lovett v. Forman, 883 So. 2d 319 (Fla. Dist. Ct. App. 2004)("sovereign immunity bars plaintiff's claims against the clerk ... because [he] did not owe a special duty which was different from the duty owed the

public in general.") The Clerk's duty to maintain the records of the Court is a duty owed

generally to the public and is not a special duty owed to the Plaintiffs. Accordingly,

because Wheeler did not owe a special duty to the Plaintiffs, Plaintiffs's claim for

negligence fails to state a claim upon which relief may be granted.[1]

### D. *Injunctive Relief*

Plaintiffs also seek injunctive relief against certain state court orders entered in

various ongoing and concluded state court proceedings to which Plaintiffs were a party.

To the extent that Plaintiffs are asking this Court to overrule the orders issued by

Florida state courts in cases in which those state courts already have entered judgment

Plaintiffs' claims are barred by the *Rooker-Feldman* doctirne.  The *Rooker-Feldman*

doctrine "bars the losing party in state court 'from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on the

losing party's claim that the state judgment itself violates the loser's federal rights.'"

Brown v. R.J. Reynolds Tobacco Company, 611 F.3d 1324, 1330 (11th Cir. 2010); *see

also,* Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)(quoting  District of Columbia

Court of Appeals v. Feldman, 460, U.S. 462, 482 (1983)).

To the extent that the Plaintiffs want this Court to prevent the enforcement of

---

[1] Plaintiffs should be well aware that they cannot bring a claim based on these allegations. In a previous case filed in this Court, Plaintiffs sued the Clerk of the Circuit Court for the Eighth Judicial Circuit for allegedly not listing the parties correctly. This Court dismissed the case and directed that the clerk refuse any filings from Plaintiffs without full payment of the filing fee. Johnson v. Irby, case no. 1:09-cv-3-MP-AK, 2009 WL 1973510 (N.D. Fla. July 8, 2009). The Eleventh Circuit affirmed this Court's decision, finding that "Plaintiffs' allegation about Defendant [the clerk] not correcting the case style in their earlier appeals does not demonstrate a violation of a clearly established federal right." Johnson v. Irby, case n. 09-13544, 2010 WL 4721625, *2 (11th Cir. Nov. 23, 2010).

orders in state court proceedings that are ongoing, this Court cannot do so under the

*Younger* abstention doctrine.  This abstention doctrine is based on a "strong federal

presumption against federal interference with pending state judicial proceedings absent

extraordinary circumstances."  Middlesex County Ethics Comm. v. Garden State Bar

Ass'n., 457 U.S. 423, 432 (1982).

Lastly, pursuant to the Anti-Injunction Act the Court is prohibited from enjoining

the enforcement of the state court orders. 28 U.S.C. § 2283. The Anti-Injunction Act

directs that a court of the United States may not grant an injunction to stay proceedings

in a state court except: (1) "as expressly authorized by Act of Congress"; (2) "where

necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." Id. The

Act "functions as an absolute prohibition against federal court enjoinment of state court

proceedings, unless the injunction falls within one of the specially defined exceptions."

In re Ford Motor Company, 471 F.3d 1233, 1249 (11th Cir. 2006). As such,

"[p]roceedings in state court should normally be allowed to continue unimpaired by

intervention of the lower federal courts, with relief from error, if any, through the state

appellate courts and ultimately the United States Supreme Court." Id. at 1250.

Consequently, Plaintiffs' claim for injunctive relief in Count Five of the Complaint

fails to state a claim for relief which this Court can provide. The claim is, therefore, due

to be dismissed.

### E.  Civil Rights Claim Under Sections 1981, 1983, 1985 and 1986

In Count Six of the Complaint Plaintiffs attempt to bring a civil rights claim

against each Defendant pursuant to 28 U.S.C. § 1983 contending that each Defendant

"violated their civil rights based on race discrimination" because Plaintiffs were treated

differently by each Defendant on account of their race. While the Complaint is completely devoid of any allegations suggesting how or in what manner the Plaintiffs were treated differently because of their race, Plaintiffs' complaint fails to state a claim because a successful section 1983 action requires a plaintiff to show that he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs.,* 436 U.S. 658 (1978))).

Defendant Hancock and her firm Bradley Arant Boult Cummings LLP  cannot be sued under § 1983 because they are not state actors. The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Apparently recognizing that Hancock and her firm are private actors, and thus not subject to suit as state actors under § 1983, Plaintiffs allege that both "were not acting under . . . [color] of state law but conspired with a person and judges who were acting under color of state law." (Doc. 1.) These allegations are insufficient to make Hancock or her firm state actors.

"Only in rare circumstances can a private party be viewed as a 'state actor' for

section 1983 purposes." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). For a

private party to be considered a state actor, one of three conditions must be met: (1)

the state has coerced or at least significantly encouraged the action alleged to violate

the Constitution (the state compulsion test); (2) the private party performed a public

function that was traditionally the exclusive prerogative of the state (the public function

test); or (3) the state had so far insinuated itself into a position of interdependence with

the private party that it was a joint participant in the enterprise (the nexus/joint action

test). <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). The

Complaint is completely devoid of any allegations to support any of these three tests.

Indeed, the only possible test which might be applicable is the joint action test because

Plaintiffs have included a passing reference to a conspiracy. Under the joint action test,

however, "the governmental body and private party must be intertwined in a symbiotic

relationship," which must involve the "specific conduct of which the plaintiff complains."

<u>Rayburn</u>, 241 F.3d at 1348 (*quoting* <u>National Broad. Co., Inc. v. Communications</u>

<u>Workers of Am., AFL-CIO</u>, 860 F. 2d 1022, 1026-27 (11th Cir. 1988) and <u>American Mfrs.</u>

<u>Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 41 (1999)). Where, as here, the assertion of a

conspiracy between a state official and a private party is unsupported by any operative

facts, then it is insufficient to show the required state-action nexus.  <u>Dessasau v. Cook</u>,

Nos. 99-14946, 0012552, 2001 WL 34395880, at *1 (11th Cir. Mar. 15, 2001)*(per*

*curiam*).  There is nothing in Plaintiffs' Complaint suggesting that Hancock and her firm

acted in any capacity other than as opposing counsel in a lawsuit filed on behalf of their

client. There are no facts suggesting there was an agreement between Hancock and

Wheeler or that Hancock had anything whatsoever to do with Wheeler. Further, even

assuming Hancock and her firm obtained orders from various judges in the state court proceedings, which Plaintiffs contend were improper, that conduct cannot transform Hancock or her firm into state actors. Simply put, neither Hancock nor her firm can be sued under § 1983 as state actors under the joint action test.

With regard to Wheeler, any claim against Wheeler in his official capacity must be dismissed because suit against him in his official capacity is tantamount to suit against the state. Thus, Wheeler can be sued for damages under § 1983 only in his individual capacity. However, as discussed above, Wheeler as the clerk of court is immune from suit for any actions taken as a result of a court order or at the direction of a judge.  Hyland v. Kolhage, 267 Fed. Appx. 836, 2008 WL 495927 (11th Cir. Feb. 26, 2008); *see also*, Fuller v. Truncale, 2010 WL 4290437, * 2 (Fla. Dist. Ct. App. Nov. 2, 2010). Accordingly, because Wheeler is immune from suit, Plaintiffs' claim against him under § 1983 is due to be dismissed.

Lastly, although no specific facts are alleged, Plaintiffs also reference 42 U.S.C. §§ 1981, 1985(3) and 1986 in Count Six of their Complaint. Plaintiffs have failed to state claims under these provisions of the Civil Rights Act for several fundamental reasons.

With regard to §1981 this section generally prohibits race-based discrimination in the creation and enforcement of contracts. DeLong v. Soufiane, No. 05-Cv-5529, 2010 WL 234781, at *6 (E.D.N.Y. Jan. 14, 2010)(*citing* Gibbs-Alfano v. Burton, 281 F.3d 12, 16 (2d Cir. 2002). To establish a claim pursuant to 42 U.S.C. § 1981, a plaintiff must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3)

discrimination concerning one of the statute's enumerated activities. <u>Rutstein c. Avis Rent-A-Car-Systems, Inc.</u>, 211 F.3d 1228, 1235 (11th Cir. 2000); <u>Brown v. City of Oneonta</u>, 221 F.3d 329, 339 (2d Cir. 2004). "The rights enumerated in the statute include the right 'to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.'" <u>Jimenez v. Wellstar Helath Systems</u>, 596 F.3d 1304, 1308 (11th Cir. 2010). The Plaintiffs have not alleged that their right to make and enforce contracts has been violated or that they have been prevented from engaging in any statutorily protected activity.[2]  Thus, any attempt by Plaintiffs to pursue a claim under § 1981 would be based upon a meritless legal theory.

In addition, to the fact that § 1981 has no applicability to this case, the events of intentional and purposeful discrimination –  as well as the racial animus constituting the motivating factor for defendants' actions –  must be specifically plead in the complaint. <u>McKnight v. Middleton</u>, 699 F.Supp.2d 507, 530 (E.D.N.Y. 2010). Plaintiffs have failed to do so and instead have alleged in conclusory fashion that Defendants "violated their civil rights based on race discrimination" and "that they were treated differently by each Defendant as it relates to other races ... " Doc., p. 10, ¶¶ (2) & (3). Simply put,

---

[2] The fact that the Clerk of Court for the First DCA has enforced court orders from state judges requiring Plaintiffs to have their filings reviewed by counsel before filing does not mean Plaintiffs have been prevented from filing suit. To the contrary it is abundantly clear from the record in this case, as well as the docket of this Court, that Plaintiffs have not been prevented from filing lawsuits. The docket of this Court reflects that Plaintiffs have filed at least three suits, largely concerning the same issues - two of which were appealed and rejected by the Eleventh Circuit. Plaintiffs' complaint identifies a host of cases filed in state court and numerous appeals pursued by Plaintiffs - many of which appear to relate to the same facts and events alleged by Plaintiffs in this case.

*Case No: 1:10-cv-00249-SPM-GRJ*

"conclusory allegations, of racially motivated animus are insufficient" to state a plausible

claim to relief under 42 U.S.C. § 1981. <u>Johnson v. City of New York</u>, 669 F.Supp.2d

444, 450 (S.D.N.Y. 2009).

With regard to § 1985(3), the only rights the Supreme Court has expressly

declared enforceable against private conspirators under this section are the right to

interstate travel and the right against involuntary servitude" <u>Jimenez</u>, 596 F.3d at 1312,

neither of which have any applicability to this case. And even though Plaintiffs have not

alleged a claim upon which relief may be granted for violation of § 1981, even if they

could, in this Circuit "conspiracies to violate rights protected under § 1981 are likewise

insufficient to form the basis of a § 1985(3) claim. <u>Id</u>. Thus, Plaintiffs have failed to

allege a claim upon which relief may be granted under §1985(3). [3]

### F. Supplemental Jurisdiction Under 28 U.S.C. § 1367(c)(3)

The only reason this case could be filed in federal court is because of the

existence of the civil rights claims in Count Six of the Complaint.  Plaintiffs' other claims

are all state law claims. As discussed at length above, while Plaintiffs have failed to

allege viable state claims, to the extent that the defects in the state claims in Counts

Two and Four of the Complaint constitute pleading deficiencies, the Court should not

allow Plaintiffs to file an amended complaint to cure any pleading deficiencies because

all of the federal claims should be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3) the

---

[3] Plaintiffs' claim under 42 U.S.C. § 1986 fails as a matter of law because section 1986 claims are derivative of section 1985 violations. <u>Park v. City of Atlanta</u>, 120 F.3d 1157, 1159 (11th Cir. 1997). In other words, in order to state a claim for violation of section 1986 there must be an underlying violation of section 1985. Because Plaintiffs have not alleged – and cannot allege – a viable claim under section 1985 their claim under section 1986 also fails.

district court may decline to exercise supplemental jurisdiction over state law claims

where the district court has dismissed all claims over which it has original jurisdiction.

Where, as here, the federal claims are dismissed prior to trial (and at an early stage) –

and only the state claims remain –  the Eleventh Circuit has "encouraged" district courts

to dismiss the remaining state claims, rather than exercising the Court's supplemental

jurisdiction to resolve only the state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086,

1089 (11th Cir. 2004). Accordingly, because Plaintiffs' disputes with the Defendants

involve at best only state claims the Court should exercise its discretion, decline to

exercise supplemental jurisdiction and dismiss the state law claims.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

(1)     Plaintiffs' Motion to Proceed *In Forma Pauperis* (Doc. 2) should be

        **GRANTED** for the limited purpose of reviewing the sufficiency of Plaintiffs'

        Complaint;[4]

---

[4] Notably, Plaintiffs should not have been permitted to file this Complaint without first complying with prior directives of one of the district judges of this Court. In Johnson v. Wilbur, case no. 1:08-cv-38-MP-AK (N.D.Fla. Dec. 9, 2008), *affirmed* 375 Fed. Appx. 960 (11th Cir. April 22, 2010), Judge Paul identified Plaintiff, Frank C. Johnson, as "an abusive filer ... such that he must first file a motion seeking leave to file a complaint, identifying in 3 pages or less, the nature of his proposed lawsuit, and that any complaints presented to the Clerks Office without such a motion or prior to leave to file being granted, should be returned to Plaintiff without filing." (Doc. 29, December 9, 2008 Order adopting R&R). Moreover, in another case filed by Plaintiffs in this Court, Johnson v. Irby, no. 1:09-cv-3-MP-AK (N.D.Fla. July 8, 2009), *affirmed* no. 09-13544, 2010 WL 4721625 (11th Cir. Nov. 23, 2010), Judge Paul expressly ordered that "The Clerk is directed to refuse any case opening filings from Mr. Johnson or the Johnsons together without full payment of the filing fee in advance." Doc. 45, July 8, 2009. This procedure and Judge Paul's directive were not followed in this case. Instead this case was opened and the Court was forced to expend valuable and scarce judicial resources reviewing Plaintiffs' frivolous complaint. Indeed, a review of the current docket discloses

(2)  Plaintiffs' Complaint (Doc. 1) should be **DISMISSED** for failure to state a cause of action upon which relief may be granted against the Defendants – and to the extent that Plaintiffs should be permitted to amend the state law claims in Counts Two and Four – the Court should decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3) ;

(3)  Each of the remaining motions filed by Plaintiffs (Docs. 3, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 24, 25, 26 and 27) should be **DENIED as moot** or because the motions have no merit. Plaintiffs' Motion For Leave To File Amended Complaint (Doc. 23) should be **GRANTED** to the limited extent that the Court has considered the requested amendments – all of which merely correct scrivener's errors – in reviewing the sufficiency of the complaint.

**IN CHAMBERS** in Gainesville, Florida  this 3rd  day of February 2011.

s / Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

that Plaintiffs have filed more than twenty separate documents since this case was filed in late December 2010, most of which are unintelligible and all of which lack any merit.